**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 22-6445**

―――――――――

ANTHONY GENE TRAPPIER, a/k/a Anthony G. Trappier,

       Petitioner - Appellant,

   v.

WARDEN B. M. ANTONELLI,

       Respondent - Appellee.

―――――――――

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  Terry L. Wooten, Senior District Judge.  (5:18-cv-03205-TLW)

―――――――――

Submitted:  October 13, 2022                    Decided:  October 18, 2022

―――――――――

Before NIEMEYER and AGEE, Circuit Judges, and KEENAN, Senior Circuit Judge.

―――――――――

Dismissed by unpublished per curiam opinion.

―――――――――

Anthony Gene Trappier, Appellant Pro Se.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Gene Trappier seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b)(6) motion ("Rule 60(b) Order"), which sought relief from the district court's order dismissing Trappier's 28 U.S.C. § 2254 petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered the Rule 60(b) Order on February 28, 2020. Trappier filed what was construed as a notice of appeal on April 3, 2022.[*] Because Trappier failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's notice of appeal is considered filed the moment it is delivered to prison authorities for mailing to the court).

2